UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NINTENDO OF AMERICA INC., <br><br>      Plaintiff, <br> v. <br><br>JAMES C. WILLIAMS, <br><br>      Defendant. | CASE NO. 2:24-cv-00960-LK <br><br> ORDER REQUESTING SUPPLEMENTAL BRIEFING |

  This matter comes before the Court on Plaintiff Nintendo of America Inc.'s Request for Clerk's Entry of Default. Dkt. No. 12. Nintendo requests that the Clerk enter the default of Defendant James C. Williams (a/k/a "Archbox"), whom Nintendo avers to have served in accordance with the Federal Rules of Civil Procedure but who has not appeared in this action, filed an answer, or otherwise responded to Nintendo's complaint. *Id.* at 1. For the following reasons, the Court requests supplemental briefing from Nintendo.

  Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." This District's Local Civil Rules

ORDER REQUESTING SUPPLEMENTAL BRIEFING - 1

also require that the moving party submit an affidavit "specifically show[ing] that the defaulting party was served in a manner authorized by [Federal Rule of Civil Procedure] 4." LCR 55(a); *see also Quinteros v. InnoGames*, No. C19-1402-RSM, 2020 WL 995854, at *2 (W.D. Wash. Mar. 2, 2020). Absent such a showing, the Clerk cannot "enter the default of any party against whom a judgment for affirmative relief is sought but who has failed to plead or otherwise defend." LCR 55(a).

Nintendo states that Williams "was duly served pursuant to [Federal Rule of Civil Procedure] 4(e)(2)(B)." Dkt. No. 13 at 1–2. Rule 4(e)(2)(B) provides that "an individual . . . may be served in a judicial district of the United States by . . . leaving a copy of [the summons and the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" The plaintiff bears the burden of proving service of process. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *United States v. Barajas*, No. 22-cv-00418-JSC, 2022 WL 6251017, at *2 (N.D. Cal. Sept. 21, 2022) ("[P]laintiff must demonstrate it has met its burden of demonstrating legally sufficient service of process in accordance with the requirements of Rule 4." (internal quotation marks omitted)).

Here, Nintendo represents that it provided the summons and its complaint "to a licensed process server with instructions to personally serve [Williams] at his last known residence." Dkt. No. 13 at 1. The process server declared in an affidavit that he "left the summons . . . with Jane Doe, a person of suitable age and discretion who resides at 17557 West Villa Chula Lane, Surprise, AZ 85387" on August 13, 2024, and also mailed a copy to that address. *Id.* at 4. Specifically, the process server "delivered the documents to an individual who refused to give their name who identified themsel[f] as the co-resident." *Id.* The process server represents that Jane Doe "stated she was planning to move out soon but confirmed living with [Williams]" and "indicated she would accept documents and give them to [him]." *Id.*

1      This, however, does not sufficiently demonstrate why Nintendo believes that 17557 West Villa Chula Lane is Williams' "dwelling or usual place of abode." "Whether a place is a person's dwelling or usual place of abode for purposes of Rule 4(e)(2)(B) is a highly fact-specific inquiry." *S.S. v. Ali*, No. 3:23-cv-05074-JSC, 2024 WL 150728, at *4 (N.D. Cal. Jan. 11, 2024) (citation omitted). "Although a person can have more than one dwelling house or usual place of abode for purposes of Rule 4, a dwelling or usual place of abode must be a place where that person lives or resides." *Bank of N.Y. Mellon as Tr. for Reg. Holders of CWABS, Inc., Asset-Backed Certs., Series 2005-13 v. Loyo-Morales*, No. 21-16041, 2022 WL 1616980, at *2 (9th Cir. May 23, 2022) (cleaned up); *see also Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997). Nintendo does not reference the 17557 West Villa Chula Lane address in its complaint and does not otherwise provide facts in supporting declarations showing why it believes this address is where Williams lives or resides. *See generally* Dkt. Nos. 1, 13. The process server's statements regarding Jane Doe's confirmations are not enough on their own to confirm Williams' residency. *Compare* Dkt. No. 13 at 1–2, 4, *with Green Trading Co.*, 2021 WL 3135944, at *4 (finding plaintiff satisfied Rule 4(e)(2)(B) when counsel "stated on the record that she discovered the defendant's address using a Lexis Nex[i]s public records search, and she verified it by finding local news reports mentioning the defendant's business dealings in the Los Ang[e]les, California area").

       "Proper service of process is particularly important in the default judgment context" because "'[a] default judgment entered when there has been no proper service of the complaint is, *a fortiori,* void, and should be set aside.'" *In re Iskric*, 496 B.R. 355, 359 (Bankr. M.D. Pa. 2013) (quoting *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.,* 756 F.2d 14, 19 (3d Cir. 1985)). And "[b]ecause default judgments generally are disfavored, courts have required strict compliance with

1    the legal prerequisites establishing the court's power to render the judgment." *Johnson v. Salas*,
2    No. 2:11-CV-02153 MCE KJN, 2012 WL 1158856, at *4 (E.D. Cal. Apr. 6, 2012) (cleaned up).
3           Accordingly, Nintendo is ORDERED to submit supplemental briefing within 14 days of
4    this Order addressing the basis for Nintendo's belief that 17557 West Villa Chula Lane is
5    Williams' dwelling or usual place of abode.
6           Dated this 24th day of October, 2024.

                                            *Lauren King*
                                            Lauren King
                                            United States District Judge