THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NINTENDO OF AMERICA INC., a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAMES C. WILLIAMS a/k/a ARCHBOX, an individual,<br><br>Defendant. | CASE NO. 2:24-CV-00960-LK<br><br>**DECLARATION OF MARC E. MAYER IN SUPPORT OF PLAINTIFF NINTENDO OF AMERICA INC.'S *EX PARTE* MOTION FOR LEAVE TO TAKE LIMITED EARLY DISCOVERY** |

I, Marc E. Mayer, declare as follows:

1. I am an attorney at law licensed to practice before the Courts of the State of California and admitted to this Court *pro hac vice* in connection with this action. I am a partner, through my professional corporation, in the law firm Mitchell Silberberg & Knupp LLP, attorneys of record for Plaintiff Nintendo of America Inc. ("NOA"). I make this Declaration in support of NOA's *Ex Parte* Motion for Leave to Take Limited Early Discovery. I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2. As alleged in the Complaint, the Defendant and other unnamed individuals created, operate, oversee, promote and assisted others in creating, operating, and promoting a network of unauthorized online "shops" (the "Pirate Shops"). These Pirate Shops offer to the public for

DECL. ISO PLAINTIFF'S EX PARTE MOTION FOR EARLY DISCOVERY   1
Case No.2:24-CV-00960-LK

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

20223800.1

download extensive libraries of pirated video games for the Nintendo Switch console. Additionally, NOA alleges that Defendant and other unnamed individuals knowingly trafficked in malicious and unlawful software products that are designed to, and have no purpose other than to, circumvent Nintendo's technological measures that protect against the unauthorized access to and use of Nintendo Switch games and the Nintendo Switch console (the "Circumvention Software"). Defendant and those that worked in concert with him operated under aliases in their activities related to the Pirate Shops and the Circumvention Software.

**Plaintiff's Pre- and Post-Filing Investigations**

3.   Prior to filing this lawsuit, NOA, in coordination with my office, conducted an extensive and diligent investigation into the operation, ownership, and control of the Pirate Shops, including efforts to determine the identity of Defendant Williams.

4.   Over the course of this extended investigation, we learned various details about the Pirate Shops and about Defendant's involvement in them. Among other things, we learned that Defendant was active in numerous Discord servers related to the Pirate Shops. We also learned that Defendant was the primary moderator of the "SwitchPirates" Reddit community and apparently was the owner of a GitHub account directly tied to these activities. In nearly all of these capacities, Defendant operated as "Archbox" or a close variant of that name. Through diligent research and investigation, we were able to connect these activities to Mr. Williams, at an address in the Phoenix, Arizona area.

5.   In the course of our investigation, we also became aware of multiple other online actors who appeared to have a role in the Pirate Shops. However, we were unable to determine the identity or locations of these other actors with a sufficient degree of certainty to name them in the initial complaint. NOA thus did not include these individuals in the lawsuit (and filed the action against Defendant alone), with the expectation that ordinary discovery (including discovery to Mr. Williams) would reveal the identity and locations of these actors.

6.   After NOA filed its action on June 28, 2024, Defendant Williams apparently undertook deliberate efforts to delete or destroy publicly available information relating to the

DECL. ISO PLAINTIFF'S EX PARTE
MOTION FOR EARLY DISCOVERY          2
Case No.2:24-CV-00960-LK

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

20223800.1

Pirate Shops. Additionally, some of the Pirate Shops that were operating at the time of the Complaint, such as Libera Shop, stopped operating shortly after the lawsuit was filed. We have reason to believe that Defendant and others have been deleting or rendering inaccessible materials such as private messages or emails relating to the Pirate Shops.

7. After this action was filed on June 28, 2024, NOA began diligent efforts to serve Mr. Williams. This required many weeks, as it appeared that Mr. Williams was deliberately evading service. After finally being served on August 13, 2024, Mr. Williams failed to answer or respond to the Complaint in any way, leading to this Court's entry of default against him on November 8, 2024. *See* Dkt. No. 18.

**The Requested Discovery**

8. Because Mr. Williams has elected not to appear in this action, NOA is not able to serve discovery on him or to take his deposition. Accordingly, without third party discovery it will be impossible for NOA to ascertain the identity of the unnamed individuals who worked with Mr. Williams in operating the Pirate Shops or otherwise making available to the public pirated Nintendo games. As set forth below, NOA has identified a number of third parties who are likely to have information that will assist NOA in identifying some of these unnamed individuals.

9. By the ex parte motion filed concurrently herewith, Plaintiff seeks leave to serve subpoena for business records on eight Internet Service Providers: (1) Namecheap, Inc.; (2) Tucows, Inc.; (3) GoDaddy, LLC; (4) Cloudflare, Inc.; (5) GitHub, Inc.; (6) Discord, Inc.; (7) Google LLC; and (8) Reddit, Inc. These subpoenas will be limited in scope and seek information (1) confirming and identifying the account holders and the sources of any payments made, and (2) where applicable, aggregate traffic and access statistics for the Pirate Shops' websites and related online locations.

10. **Namecheap, Inc.** is a domain name registrar, which Defendant, and/or those working in concert with Defendant, used to register multiple websites supporting the operation of the Pirate Shops. However, they did so using tools or services provided by Namecheap to conceal identifying information and maintain "privacy."

DECL. ISO PLAINTIFF'S EX PARTE
MOTION FOR EARLY DISCOVERY    3
Case No.2:24-CV-00960-LK

20223800.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

11. **Tucows, Inc.** is another domain name registrar, which Defendant, and/or those working in concert with Defendant, used to register at least one other website supporting the operation of the Pirate Shops, again using "privacy" services to conceal identifying information.

12. **GoDaddy, LLC** is a third domain name registrar. It is believed that an individual working in concert with Defendant used GoDaddy to register a website linked to his GitHub account, again using "privacy protection" services to conceal identifying information.

13. **Cloudflare, Inc.** is a company that offers security and content-delivery services to websites, doing so in a manner that allows websites to obscure the identity and location of their own servers. Multiple websites hosting and/or supporting the Pirate Shops used the Cloudflare content distribution network to hide the actual IP addresses of their webhosting servers.

14. **GitHub, Inc.** is a website offering tools and hosting for software development and collaboration. Plaintiffs identified a GitHub account believed to be associated with Defendant and are aware of other accounts believed to be associated with Defendant and others collaborating with him, including accounts maintained for the purpose of developing and distributing circumvention software.

15. **Discord, Inc.** operates a popular Internet "chat" platform allowing users to set up and participate in individual communities, each of which may host thousands of users. Nintendo is aware of multiple such communities, or "servers," associated with the Pirate Shops.

16. **Google LLC** operates popular Internet platforms such as Gmail and Google Drive, a cloud storage service. Certain Pirate Shops employed Google Drive to store and distribute infringing copies of Nintendo games. Defendant used a Gmail address, and other Gmail addresses related to the Pirate Shops appear to have been used either by Defendant or others working in concert with him.

17. **Reddit, Inc.** operates a social media platform where users, often using pseudonyms, may post to different forums known as communities or "subreddits." Defendant was a primary moderator of the SwitchPirates community, under the name "Archbox," which boasted more than 190,000 members. Nintendo has reason to believe that other accounts active in the

DECL. ISO PLAINTIFF'S EX PARTE
MOTION FOR EARLY DISCOVERY       4
Case No.2:24-CV-00960-LK

LOWE GRAHAM JONES ᴾᴸᴸᶜ
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

20223800.1

SwitchPirates community may also have been controlled by Defendant, or else reflect other individuals who have worked alongside Defendant.

18. As noted above, the purpose of all of the requested subpoenas is to seek relevant information that is necessary for NOA to pursue infringement claims. NOA does not seek this information for any improper purpose. NOA also will work with the third parties to minimize any burden.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on November 22, 2024, at Calabasas, California.

_____
Marc E. Mayer

**DECL. ISO PLAINTIFF'S EX PARTE MOTION FOR EARLY DISCOVERY**
Case No.2:24-CV-00960-LK

5

LOWE GRAHAM JONES ᴘʟʟᴄ
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

20223800.1