UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NINTENDO OF AMERICA INC., <br><br> Plaintiff, <br> v. <br><br> JAMES C. WILLIAMS, <br><br> Defendant. | CASE NO. 2:24-cv-00960-LK <br><br> ORDER GRANTING EX PARTE MOTION FOR LEAVE TO TAKE LIMITED EARLY DISCOVERY |

This matter comes before the Court on Plaintiff Nintendo of America Inc.'s *ex parte* Motion for Leave to Take Limited Early Discovery. Dkt. No. 19. Nintendo seeks leave to serve subpoenas on eight third-party internet service providers "who are likely to have information relevant both to Nintendo's anticipated motion for default judgment and to determining whether additional defendants should be named in this action and, if so, the identity of such additional defendants." *Id.* at 2, 4. For the following reasons, the Court grants Nintendo's motion.

I. BACKGROUND

Nintendo is a Washington corporation that "develops and distributes the Nintendo Switch," which it represents is "one of the most popular video game consoles of all time." Dkt. No. 1 at 2,

4. Nintendo also asserts that it "owns the U.S. copyrights and/or publishes in the United States (*i.e.*, markets and distributes pursuant to exclusive license) award-winning video games that can be played only on the Nintendo Switch console." *Id.* at 2.

On June 28, 2024, Nintendo filed a complaint against Defendant James C. Williams (who is also known by his online handle "archbox"), asserting claims of copyright infringement, circumvention of technological measures, trafficking in circumvention devices, breach of contract, and tortious interference with contract. *Id.* at 20–30. Nintendo specifically "seeks to put a stop to, and to obtain redress for," the infringement of its intellectual property rights by Williams, who Nintendo claims "has been involved in creating, operating, and promoting (and assisting others to create, operate, and promote) a network of unauthorized online 'shops' (nicknamed 'freeshops') which offer to the public extensive libraries of pirated Nintendo Switch games for download." *Id.* at 2. Nintendo alleges that, through his freeshops, Williams "has provided, and continues to provide, members of the public a nearly limitless supply of video games, in particular Nintendo Switch games, free for the taking," "copies and distributes Nintendo game files," and "knowingly traffics in malicious and unlawful software products that are designed to, and have no purpose other than to, circumvent Nintendo's technological measures that protect against the unauthorized access to and use of Nintendo Switch games and the Nintendo Switch console[.]" *Id.* at 2 –3.

Despite being served with the summons and complaint, Williams has not yet appeared in this action, and the Clerk entered default against him on November 8, 2024. Dkt. No. 18 at 1.

Nintendo filed the instant motion on November 22, 2024. Dkt. No. 19. In its motion, Nintendo "requests leave from this Court to issue narrowly focused subpoenas" to eight internet service providers—namely, Namecheap, Inc.; Tucows, Inc.; GoDaddy, LLC; Cloudflare, Inc.; Github, Inc.; Discord, Inc.; Google LLC; and Reddit, Inc.—that are relevant to "(1) the parameters of the default judgment to be requested against [Williams], including as to damages (i.e.,

1  Nintendo's actual damages, [Williams'] profits, and/or the amount of statutory damages) and the
2  scope of injunctive relief, and (2) whether unnamed participants in [Williams'] scheme should be
3  added in an amended complaint." *Id.* at 4–6; *see also* Dkt. No. 20 at 3–5.

## II. DISCUSSION

### A. Legal Standard

A party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by [the Federal Rules of Civil Procedure], by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). To deviate from the standard pretrial schedule, including by seeking expedited discovery before a Rule 26(f) conference, the moving party must demonstrate good cause. *See, e.g.*, *Amazon.com, Inc. v. Dafang Haojiafu Hotpot Store*, No. 2:21-cv-00766-RSM, 2022 WL 2511742, at *2 (W.D. Wash. June 8, 2022) (finding good cause for expedited third-party discovery to identify defendants); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Courts commonly consider the following non-exclusive factors in determining the reasonableness of expedited discovery: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Amazon.com, Inc. v. Autospeedstore*, No. C22-1183 MJP, 2023 WL 1869300, at *1 (W.D. Wash. Jan. 11, 2023). Good cause for expedited discovery is frequently found when a defendant defaults and the plaintiff seeks discovery to establish liability and/or damages in pursuit of default judgment. *See, e.g.*, *Kraho GmbH v. Overlord Ltd.*, No. CV 19-04050-AB (KSx), 2019 WL 8064249, at *2 (C.D. Cal. Dec. 20, 2019); *Twitch Interactive, Inc. v. Johnston*, No. 16-cv-03404-BLF, 2017 WL 1133520, at *4 (N.D. Cal. Mar. 27, 2017); *Texas*

*Guaranteed Student Loan Corp. v. Dhindsa*, No. 1:10-cv-00335-LJO-SKO, 2010 WL 2353520, at *3 (E.D. Cal. June 9, 2010).

**B.    Nintendo Has Demonstrated Good Cause for Limited Expedited Third-Party Discovery**

The Court finds that Nintendo has demonstrated good cause for the limited expedited third-party discovery it seeks. Williams has failed to respond to Nintendo's complaint, so Nintendo has been prevented from participating in a Rule 26(f) conference and from obtaining discovery from Williams as to the scope of his allegedly unlawful activities and as to any others who may have participated in these activities. Compounding these difficulties is the fact that Williams and others concealed their identities while engaging in the unlawful activities and "undertook deliberate efforts to delete or destroy publicly available information relating to the Pirate Shops" after Nintendo filed its complaint in this matter. Dkt. No. 20 at 2–4.

Nintendo plans to amend its complaint and/or file a motion for default judgment against Williams in which it intends to request an award of damages and injunctive relief, among other things. Dkt. No. 19 at 4, 6–8. However, "[w]ithout discovery, Nintendo lacks a complete picture of the full range of [Williams'] infringing activities and related offenses—relevant to damages and the proper scope of a permanent injunction—as well as knowledge of associated individuals who may be appropriate to name in an amended complaint." *Id.* at 8.

The discovery that Nintendo seeks is narrowly tailored towards obtaining this information: it seeks "identifying information that [i]nternet service providers required or collected to use their services . . . to reveal the identities of the individuals or entities primarily responsible" for the freeshops relevant to this litigation. *Id.* at 7. The reasonableness of the requested discovery is also supported by Nintendo's investigation, in which it learned that (1) Williams was active in various online communities related to the freeshops at issue, including Discord, Reddit, and GitHub, and

(2) there are "multiple other online actors who appeared to have a role in the [alleged activities]." Dkt. No. 10 at 2.

Nintendo therefore has shown that it "has exhausted its ability to discover further information on its own," and Williams' "failure to appear has "impede[d] Nintendo's ability to propound routine discovery either to him or third parties on matters relevant to the scope of a requested default judgment and to determine whether other defendants are appropriately named in this action." Dkt. No. 19 at 9–10; *see also* Dkt. No. 20 at 2–3. The exhaustion of such efforts without success—particularly when there is a risk of the evidence being destroyed and where the present lawsuit effectively cannot proceed absent limited discovery—constitutes good cause for expedited discovery under Rule 26(d)(1). *See Amazon.com, Inc. v. Yong*, No. 21-170-RSM, 2021 WL 1237863, at *2 (W.D. Wash. Apr. 2, 2021) ("Good cause exists where a plaintiff has exhausted its means to identify the defendant through publicly-available information and has no other way to identify the bad actors involved in the scheme." (citation omitted)); *Music Grp. Macao Com. Offshore Ltd. v. John Does I-IX*, No. 14-cv-621 RSM, 2014 WL 11010724, at *2 (W.D. Wash. July 18, 2014).

Finally, there is no indication that Williams will be prejudiced by the discovery sought. *See Yong*, 2021 WL 1237863, at *3.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Nintendo's *ex parte* Motion for Leave to Take Limited Early Discovery. Dkt. No. 19.

Dated this 13th day of December, 2024.

*Lauren King*
Lauren King
United States District Judge