The Honorable Lauren King

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NINTENDO OF AMERICA INC., a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAMES C. WILLIAMS a/k/a ARCHBOX, an individual,<br><br>Defendant. | CASE NO. 2:24-CV-00960-LK<br><br>**[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION** |

[PROPOSED] JUDGMENT AND
PERMANENT INJUNCTION                1
Case No.2:24-CV-00960-LK

LOWE GRAHAM JONES
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Nintendo of America Inc. ("Plaintiff" or "NOA") has moved for entry of a default judgment, and permanent injunction ("Motion") against defendant James C. Williams a/k/a Archbox ("Defendant" or "Williams"). Defendant has not opposed the Motion.

Having reviewed the operative Complaint, NOA's filings in support of the Motion, and the entire record herein, the Court hereby GRANTS the Motion, enters the following Findings of Fact and Conclusions of Law, and issues the following judgment and permanent injunction against Defendant:

**Findings of Fact**

1.  Plaintiff Nintendo of America Inc. ("NOA"), along with its parent, Nintendo Co., Ltd. (hereinafter collectively, "Nintendo"), develops and distributes the Nintendo Switch video game console, and markets and distributes in the United States highly popular games that can be played only on the Nintendo Switch console. Complaint (Dkt. 1), ¶ 1.

2.  NOA owns the U.S. copyrights and/or publishes under exclusive license in the United States many highly popular video games that can be played only on the Nintendo Switch console, including but not limited to the 30 Infringed Works identified in Schedule A to the Complaint (collectively, the "Nintendo Switch Games"). *Id.*, ¶¶ 1, 9, 32(d), 34; *see also* Declaration of Nintendo of American Inc. ("NOA Decl."), ¶¶ 9, 15.

3.  The Nintendo Switch console and Nintendo Switch Games include technological protection measures ("TPMs") developed to protect and control access to Nintendo's consoles and to its copyrighted video games. Compl., ¶¶ 20-23. Due to such measures, Nintendo Switch users who wish to make or play unauthorized copies of Nintendo Switch games must bypass and/or circumvent layers of protection at both the console level ("Console TPMs") and at the game level ("Game TPMs"), a process that requires use of software aimed at circumventing these TPMs (the "Circumvention Software"). *Id.* at ¶¶ 22-24.

4.  Nintendo also requires users of the Nintendo Switch console, or those who wish to purchase or download digital games and game files from Nintendo's authorized online eShop, to consent to separate "end-user license agreements," or "EULAs," which limit by contract the

[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION
Case No.2:24-CV-00960-LK

2

Lowe Graham Jones PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

actions a user may take with the Nintendo Switch console and with Nintendo software, including by prohibiting actions that "defeat, tamper with, or circumvent … the functions or protections of the [Nintendo Switch] Console" and by limiting users' use of Nintendo game software to "personal and non-commercial use" only. *Id.* at ¶¶ 25-28; *see also* Declaration of James Berkley ("Berkley Decl."), Exs. 1-4.

5. Defendant James C. Williams a/k/a Archbox has been involved in creating, operating, supporting, and promoting a network of unauthorized online "shops," which offered to the public extensive libraries of pirated Nintendo Switch games for free download (the "Pirate Shops"). Compl., ¶¶ 2-6, 10, 29-40; *see also* Berkley Decl., ¶¶ 7-29 & Exs. 5-23; NOA Decl., ¶¶ 2-15 & Exs. 24-33. Williams has been either directly or indirectly the owner, manager, operator, creator, administrator, supplier, and/or overseer of each of the Pirate Shops and has actively promoted the Pirate Shops online.

6. Defendant Williams has been directly involved in creating, promoting, and distributing Circumvention Software (such as so-called Signature Patches, or "Sigpatches," Lockpick, and Nintendo's proprietary cryptographic keys, or "prod keys"). Compl., ¶¶ 41-45. Defendant Williams has also been operating an online community known as "Missing Dumps," which facilitated the sourcing of games for the Pirate Shops by encouraging users to share unlawful copies of Nintendo Switch games, including the Nintendo Switch Games. *Id.*, ¶¶ 32(d), 34, 36-45; *see also* NOA Decl., ¶¶ 9, 15.

## Conclusions of Law

7. Service on Defendant was properly made pursuant to Fed. R. Civ. P. 4(e)(2)(B). *See* Dkt. Nos. 9, 12-18. The Court has entered default against Defendant. There is no evidence that the default was the result of excusable neglect. Default judgment is now proper pursuant to Fed. R. Civ. P. 55.

8. The Court has subject matter jurisdiction over this matter, and personal jurisdiction over Defendant Williams.

[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION    3
Case No.2:24-CV-00960-LK

Lowe Graham Jones PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

9. Unauthorized online "shops" or communities, such as the Pirate Shops and Missing Dumps, which offer extensive libraries of pirated Nintendo Switch games and induce others to make and/or distribute unauthorized copies of Nintendo Switch games, violate copyright owners' exclusive rights in such works under the Copyright Act. 17 U.S.C. § 106.

10. Using, providing, linking to, or otherwise distributing Circumvention Software, such as Lockpick, Sigpatches, and prod keys, violates the anti-circumvention and trafficking prohibitions of the Digital Millennium Copyright Act ("DMCA"). 17 U.S.C. §§ 1201(a)(1), (2)(A), (a)(3)(A).

11. Therefore Defendant Williams, by virtue of the conduct described above, is liable for the following violations of law:

(a) Defendant has directly and contributorily infringed, and induced others to infringe, NOA's exclusive rights in the Nintendo Switch Games under the Copyright Act, 17 U.S.C. § 106. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013-14, 1019 (9th Cir. 2001); *Arista Records LLC v. Usenet.com, Inc.*, 633 F. Supp. 2d 124, 148-49 (S.D.N.Y. 2009); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 918 (2005); *Arista Records LLC v. Lime Group LLC*, 784 F. Supp. 2d 398, 428 (S.D.N.Y. 2011).

(b) Defendant has violated Section 1201 of the DMCA, 17 U.S.C. § 1201(a)(1)), by circumventing technological protection measures ("TPMs") that effectively control access to the Nintendo Switch Games. *MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 942-44 (9th Cir. 2010); *Synopsys, Inc. v. InnoGrit, Corp*, 2019 WL 4848387, at *8 (N.D. Cal. Oct. 1, 2019).

(c) Defendant violated Section 1201 of the DMCA, 17 U.S.C. § 1201(a)(2)) and § 1201(b)(1), by offering, providing, and otherwise trafficking in technologies that circumvent or evade TPMs that effectively control access to the Nintendo Switch Games and that effectively protect NOA's rights under copyright in the Nintendo Switch Games. *MDY,* 629 F.3d 928, 942-54; *Bungie, Inc. v. Bansal*, 2023 WL 3309496

[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION
Case No.2:24-CV-00960-LK

4

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

(W.D. Wash. May 8, 2023); *Blizzard Ent., Inc. v. Bossland GmbH*, No. SACV161236DOCKESX, 2017 WL 7806600 (C.D. Cal. Mar. 31, 2017).

(d) Defendant breached the terms of the end-user license agreements ("EULAs") applicable to the Nintendo Switch console and to the Nintendo eShop.

(e) Defendant knowingly, intentionally, and maliciously interfered with and disrupted the contracts Nintendo maintains with users of the Nintendo Switch console and Nintendo Switch Games, namely the EULAs, which, *inter alia,* prohibit use of Circumvention Software, including in connection with unauthorized software files or the Pirate Shops. *World Access, Inc. v. Midwest Underground Tech., Inc.*, 2016 WL 5796873, at *7 (E.D. Wash. Sept. 30, 2016); *Bungie, Inc.*, 2023 WL 3309496, at *6.

**Judgment and Permanent Injunction**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. Pursuant to 17 U.S.C. §§ 504(a) and 504(c)(2), NOA's request for statutory damages is granted. NOA is awarded statutory damages in the amount of four million five hundred thousand dollars ($4,500,000). Such amount is not punitive in nature, and reflects an award of $150,000 for willful infringement of each of the 30 copyrighted Nintendo Switch video games identified on Schedule A to the Complaint.

2. Defendant shall immediately disable access to all online "shops" that he operates or otherwise controls which have offered to the public extensive libraries of pirated Nintendo Switch games for download (the "Pirate Shops") and any social media accounts (including without limitation any Instagram, X, Reddit, and TikTok accounts), communications platforms (including without limitation any Discord servers or Telegram accounts), e-commerce websites, and any other platforms or vehicles used by Defendant to distribute (i) infringing copies of Nintendo Switch games, (ii) software whose use circumvents technological measures that control access to Nintendo's games or consoles (the "Circumvention Software"), or (iii) any other circumvention technology;

[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION   5
Case No.2:24-CV-00960-LK

LOWE GRAHAM JONES_PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

3. Defendant and all persons acting under his direction or control (including but not limited to his agents, subsidiaries, representatives and employees), immediately and permanently are enjoined from any and all of the following activities:

    a. taking any steps on Defendant's own behalf or assisting others in distributing, advertising, marketing, selling, reselling, uploading, downloading, offering for sale, or otherwise disseminating any Circumvention Software, or any other circumvention technology that violates the Nintendo Switch End User License Agreement" (the "EULA") or the Nintendo Account User Agreement (the "Account EULA") (collectively, the "EULAs") with its customers, and any other software product or service designed to circumvent technological measures that control access to Nintendo's games or consoles;

    b. taking any steps on Defendant's own behalf or assisting others in distributing, advertising, marketing, selling, reselling, uploading, downloading, offering for sale, or otherwise disseminating unauthorized copies of Nintendo video games, including but not limited to Nintendo Switch games and the 30 copyrighted Nintendo games listed on Schedule A to the Complaint;

    c. engaging in any further conduct that induces or encourages members of the public to download or obtain the Circumvention Software, download or copy any Nintendo video games, or otherwise breach the EULAs.

4. The Court finds there is no just reason for delay in entering this Judgment and Permanent Injunction and, pursuant to Federal Rule of Civil Procedure 54, the Court directs immediate entry of this Judgment in favor of NOA against Defendant, in the amount of four million five hundred thousand dollars ($4,500,000), and Permanent Injunction against Defendant.

5. The Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Permanent Injunction.

**IT IS SO ORDERED.**

[PROPOSED] JUDGMENT AND
PERMANENT INJUNCTION    6
Case No.2:24-CV-00960-LK

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1

2  DATED: _____, 2025

3                                                                          _____
                                                                            Judge Lauren King
                                                                            United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JUDGMENT AND
PERMANENT INJUNCTION                    7
Case No.2:24-CV-00960-LK

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301